UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASTON MARTIN LAGONDA<br>OF NORTH AMERICA INC.,<br><br>      **Plaintiff,**<br><br>      v.<br><br>LOTUS MOTORSPORTS, INC.<br>d/b/a ASTON MARTIN OF NEW ENGLAND,<br><br>      **Defendant.** | Civil Action No. 13-11213-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                   June 6, 2013

### I.  Introduction

Plaintiff Aston Martin Lagonda of North America, Inc. ("Aston Martin") has sued one of its automobile dealerships, Defendant Lotus Motorsports, Inc. ("Lotus"), seeking a declaratory judgment that Aston Martin has the right to create an additional authorized dealership "outside of [Lotus]'s [relevant market area] and . . . that any such action is not a violation of [Lotus's] contractual, statutory or other rights," a declaratory judgment that Aston Martin has no obligation to arbitrate this dispute and an order enjoining arbitration proceedings already initiated by Lotus. D. 1. Defendant Lotus has brought six counterclaims, alleging a violation of the Automobile Dealers Day In Court Act, 15 U.S.C. §§ 1221 et seq. ("Count I"), breach of fiduciary duty ("Count II"), promissory estoppel ("Count III"), breach of contract as to the implied covenant of good faith and fair dealing ("Count IV"), violation of Mass. Gen. L. c. 93B ("Count V"), and breach of contract as to an arbitration provision ("Count VI"). D. 5. Lotus has moved

1

for a preliminary injunction "enjoining Aston Martin from opening a competing franchise in New England (save southern Connecticut) until the litigation has been concluded." D. 6 at 1.[1]

## II. Discussion

In deciding whether to grant a preliminary injunction, the Court evaluates "(1) [Lotus's] likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden [Aston Martin] less than denying an injunction would burden [Lotus]; and (4) the effect, if any, on the public interest." González-Droz v. González-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (quoting Bos. Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008)).  A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)); see also Voice of the Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (labeling a preliminary injunction as an "extraordinary and drastic remedy") (quoting Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

Here, the Court focuses on the potential for irreparable harm in its decision to deny Lotus's request for an injunction.  Aston Martin has stated its intention not to open a competing franchise "pending resolution of this [d]ispute." Pl. Compl., D. 1 ¶ 26.  Putting aside any alleged contractual obligation not to open a competing franchise, see D. 6 at 2; D. 7 at 2, which is a claim that the Court need not evaluate at this time, there is nothing in the record to suggest that Aston Martin actually intends to proceed with its plans to open a new dealership prior to the "resolution of this [d]ispute" and its representation to the Court in its complaint, as quoted above,

---

[1] Lotus has not requested oral argument in its motion and the Court believes that oral argument is not necessary in this case.  See L.R. 7.1(d) (stating that a party that "wishes to be heard shall include a request for oral argument in a separate paragraph of the motion").

is that it does not.  The "purpose of a preliminary injunction is to preserve the status quo," CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 620 (1st Cir. 1995), and here the Court discerns that the status quo is not so threatened as to impinge the "court's ability, if it ultimately finds for [Lotus], to minimize the harmful effects of [Aston Martin's] wrongful conduct."  Id.  Until there is some indication that a court order is actually required to stop Aston Martin from "opening a competing franchise," D. 6 at 1, Lotus is not entitled to preliminary injunctive relief.  See Rubacky v. Morgan Stanley Dean Witter Credit Corp., 104 Fed. Appx. 757, 758-59 (1st Cir. 2004) (per curiam) (holding that "[a]lthough plaintiff's motion also sought to enjoin any future foreclosure sale, there is no evidence that any future sale has been or will be scheduled before the trial . . . . In the absence of a real threat of immediate and irreparable harm, the district court appropriately declined to issue a preliminary injunction"); Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004) (noting that "[a] finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store" (citing In re Rare Coin Galleries of Am., Inc., 862 F.2d 896, 902 (1st Cir.1988)).  Moreover, on this record, it is at best unclear whether Lotus will be able to show (if it prevails) irreparable harm as opposed to harm that has an adequate remedy at law through an award of money damages.

      The failure to show irreparable harm is sufficient to deny Lotus's motion for a preliminary injunction.  See Pub. Serv. Co. of N.H. v. Town of W. Newbury, 835 F.2d 380, 383 (1st Cir. 1987) (ruling that "[b]ecause of our analysis [finding lack of] irreparable harm, we need not reach the question of likelihood of success on the merits"); City of Lowell v. Enel N. Am., Inc., 705 F. Supp. 2d 116, 121-22 (D. Mass. 2010) (citing Mass. Coalition of Citizens with Disabilities v. Civil Defense Agency and Office of Emergency Preparedness of the

Commonwealth of Mass., 649 F.2d 71, 74 n.4 (1st Cir. 1981) (noting that "the absence of specific findings below on the latter factors is of no moment" where initial factors are not met)).

**III.    Conclusion**

For these reasons, the Court DENIES Lotus's motion for a preliminary injunction, D. 6.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge